[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10162

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 27, 2012
JOHN LEY
CLERK

D. C. Docket No. 1:10-cv-20116-UU

DWFII CORPORATION,
a Florida corporation, a/a/o Christopher Obioha
and a/a/o Alex Rodriquez, on behalf of itself and
all others similarly situated,
d.b.a. Falls Chiropractic Health Center,

Plaintiff-Appellant,

versus

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,
a foreign corporation,
STATE FARM FIRE AND CASUALTY COMPANY,
a foreign corporation,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 27, 2012)

Before DUBINA, Chief Judge, ANDERSON and KLEINFELD,[*] Circuit Judges.

PER CURIAM:

Appellant DWFII Corporation ("DWFII") filed a class action against Appellees State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (collectively "State Farm") challenging State Farm's use of National Correct Coding Initiative ("NCCI") edits to determine the proper reimbursement for Personal Injury Protection ("PIP") claims under Florida's no fault insurance statute, FLA. STAT. § 627.7346 *et seq*. DWFII defined the class for which it sought to certify as including:

> All Florida health care providers who (1) submitted a claim to a Defendant for payment under an applicable Florida PIP and/or medical payments policy; (2) had their claim reduced or denied; and (3) a Defendant generated an EOR with a reason code of 318, 319, 322, and/or 323 stating that the basis for the non-payment of the particular claim was the application of an NCCI edit.

[R. 42 at 6.] The district court denied DWFII's motion for class certification and dismissed the action for a lack of subject matter jurisdiction. DWFII appeals the

---

[*]Honorable Andrew J. Kleinfeld, United States Circuit Judge for the Ninth Circuit, sitting by designation.

district court's determination. After thoughtfully considering the parties' briefs, and with the benefit of oral argument, we find no reversible error. Therefore, we affirm.

## I.

A district court's decision on class certification under Federal Rule of Civil Procedure 23 is reviewed for abuse of discretion. *Heffner v. Blue Cross & Blue Shield of Ala., Inc.*, 443 F.3d 1330, 1337 (11th Cir. 2006). The district court's decision will not be disturbed if its reasoning stays within the parameters set forth in Rule 23 for class certification. *Id.*

In order to obtain class certification, DWFII must satisfy all requirements set forth in Federal Rule of Civil Procedure 23(a) and at least one standard described in Rule 23(b). *Turner v. Beneficial Corp.,* 242 F.3d 1023, 1025 (11th Cir. 2001). We conclude from the record that the district court properly found that DWFII is unable to satisfy the Rule 23(a) typicality prerequisite that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class." FED. R. CIV. P. 23(a)(3). DWFII is also unable to show that "final injunctive relief or corresponding declaratory relief is appropriate respecting the class a whole" or that "questions of law or fact common to class members

3

predominate over any questions affecting only individual members" under Rule 23(b).  FED. R. CIV. P. 23(b)(2)–(3).

## II.

First, DWFII is unable to satisfy the typicality prerequisite of Rule 23(a). Even if the class is able to show that NCCI edits are impermissible under FLA. STAT. § 627.736 *et seq*., each individual medical service provider in the class must still demonstrate that it is entitled to reimbursement for the disputed charges—*i.e.*, the bill was properly completed pursuant to FLA. STAT. § 627.736(5)(b)(1)(d), the benefits of the insurance plan were not exhausted at the time of the procedure, the recipient of the medical services had valid insurance coverage with State Farm, and the medical provider actually performed the services for which it billed. Furthermore, State Farm is entitled to present any unbundling or set off defenses that would allow it to properly reduce the amount of reimbursement due.  FLA. STAT. § 627.736(5)(b)(1)(e).  Because each claim would require the establishment of different facts and would be subject to different defenses, we conclude that the district court did not abuse its discretion in finding that this prerequisite was not met and class certification was therefore improper.

Moreover, DWFII cannot satisfy one of the standards set forth in Rule 23(b).  A declaratory or injunctive relief class pursuant to Rule 23(b)(2) is

appropriate only if "the predominant relief sought is injunctive or declaratory." *Murray v. Auslander*, 244 F.3d 807, 812 (11th Cir. 2001) (internal quotation marks and citation omitted). DWFII seeks both monetary and injunctive or declaratory relief, and "[m]onetary relief predominates in (b)(2) class actions unless it is *incidental* to the requested injunctive or declaratory relief." *Id.* (emphasis in original) (internal quotation marks and citation omitted). Monetary damages are incidental when "class members automatically would be entitled [to them] once liability to the class . . . as a whole is established[,]" and awarding them "should not entail complex individualized determinations." *Id.* (internal quotation marks and citation omitted). Incidental damages are "more in the nature of a group remedy." *Id.* (internal quotation marks and citation omitted). In the present case, if the class was able to prevail on its claim, each medical service provider in the class would have to establish individual facts regarding the type of services performed, the amounts billed, and the amount of reimbursement received from State Farm in order to determine its appropriate monetary recovery. Therefore, we conclude that the district court properly determined that monetary damages are not incidental to the requested equitable relief. DWFII cannot establish that a class can be certified pursuant to Rule 23(b)(2).

III.

Finally, DWFII cannot show that "questions of law or fact common to class members predominate over any questions affecting only individual members." FED. R. CIV. P. 23(b)(3). In order to determine whether common questions predominate over individual questions, the court must consider "the claims, defenses, relevant facts, and applicable substantive law." *Klay v. Humana*, 382 F.3d 1241, 1254 (11th Cir. 2004), *abrogated in part on other grounds by Bridge v. Phoenix Bond & Indem. Co.,* 553 U.S. 639, 128 S. Ct. 2131 (2008) (internal quotation marks and citation omitted). If class members must "still introduce a great deal of individualized proof or argue a number of individualized legal points to establish most or all of the elements of their individual claims," then class certification is not appropriate. *Id.* at 1255. As previously discussed, even if the application of NCCI edits is completely prohibited by FLA. STAT. § 627.736 *et seq.*, individual questions remain because each individual provider must still prove that it is entitled to reimbursement for the procedure that was either denied or reimbursed at a reduced rate. *See Klay,* 382 F.3d 1241 (noting that a conspiracy to underpay doctors and the programming of a computer system to achieve that goal does not establish that individual doctors were underpaid on any specific occasion). The adjudication of these individual questions clearly predominates over any common questions that arise in this litigation.

6

IV.

For the foregoing reasons, we hold that the district court did not abuse its discretion in denying DWFII's motion for class certification. Therefore, we affirm its order.

**AFFIRMED.**